IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE ENVISION HEALTHCARE CORP. ) Civil Action No. 18-1068-RGA
) 
) CLASS ACTION
)
) CONSOLIDATED SHAREHOLDER
) LITIGATION

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

Presently before the court in this class action for violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 are the following motions:[1] (1) the motion to dismiss for failure to state a claim under Rule 12(b)(6), filed by defendants Envision Healthcare Corp. ("Envision"), and Envision's Board of Directors (the "Board"): William A. Sanger, Christopher A. Holden, James D. Shelton, Michael L. Smith, Leonard M. Riggs, Carol J. Burt, Cynthia S. Miller, Kevin P. Lavender, Joey A. Jacobs, Steven I. Geringer, John T. Gawaluck, and James A. Deal (together with Envision, "defendants") (D.I. 29); and (2) the motion to strike the exhibits to defendants' motion to dismiss, filed by lead plaintiff Jon Barrett ("plaintiff") on behalf of himself and all other similarly situated former public stockholders of Envision (D.I. 33). For the following reasons, I recommend that the court deny the motion to dismiss and deny the motion to strike.

### II. BACKGROUND

Envision delivers physician services to healthcare facilities throughout the United States. (D.I. 25 at ¶ 31) In the third quarter of 2017, Envision announced the Board's decision to explore strategic options to enhance the stockholder value of the Company. (Id. at ¶ 6) In

---

[1] The briefing, declarations, and other filings associated with the pending motions can be found at D.I. 30, D.I. 31, D.I. 33, D.I. 34, D.I. 35, D.I. 37, D.I. 38, D.I. 39, D.I. 42, and D.I. 43.

accordance with the announcement, Envision's management prepared a five-year forecast called the Management Case projections (the "Management Case Projections") in February 2018. (*Id.* at ¶¶ 7, 46) The Management Case Projections showed a high likelihood of growth and financial success for Envision in the foreseeable future based on conservative projections. (*Id.* at ¶ 56)

On May 8, 2018, Envision announced its first quarter 2018 financial results, which were favorable. (D.I. 25 at ¶ 59) Nonetheless, Envision's management prepared another five-year forecast called the Management Sensitivity Case projections (the "Sensitivity Case Projections"), which were provided to the Board and Envision's three financial advisors: J.P. Morgan Securities LLC, Evercore Group L.L.C., and Guggenheim Securities, LLC (the "Financial Advisors"). (*Id.* at ¶¶ 3, 7, 66) The Sensitivity Case Projections projected a significantly lower stock value than the Management Case Projections, and were prepared shortly after bidder Kohlberg Kravis Roberts & Co. L.P. ("KKR") and two other bidders indicated their intention to offer a price in the mid-forties for Envision's shares. (*Id.* at ¶¶ 7, 66-68)

On June 10, 2018, Envision entered into an Agreement and Plan of Merger (the "Merger") with KKR and its affiliates. (D.I. 25 at ¶¶ 1-2; D.I. 31, Ex. 5 at 43-44)[2] In

---

[2] In reviewing a motion to dismiss, " '[c]ourts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.' " *Collins & Aikman Corp. v. Stockman,* C.A. No. 07-265, 2010 WL 184074, at *3 (D. Del. Jan. 19, 2010) (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993)). In conjunction with the pending motion to dismiss, defendants submitted the Declaration of Brian F. Morris, which attaches various publicly-filed documents for the court's consideration in analyzing the motion to dismiss. (D.I. 31) For the reasons discussed in the court's analysis of the pending motion to strike at § IV.B, *infra,* Envision's Schedule 14A proxy statement, Form 8-K, and other filings made with the Securities and Exchange Commission ("SEC") are public documents. (D.I. 31, Exs. 2, 4-8) Consequently, the court may take judicial notice of the documents "on a motion to dismiss only to establish the existence of the [public record], not for the truth of the facts asserted [therein]." *Lum v. Bank of Am.,* 361 F.3d 217, 221 n.3 (3d Cir. 2004) (citing *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp., Ltd.,* 181 F.3d 410,

accordance with the Merger, each outstanding share of Envision common stock received $46.00 in consideration. (*Id.*, Ex. 8 at 3) In connection with the Merger, defendants authorized the filing of a proxy statement (the "Proxy") with the SEC on August 13, 2018. (D.I. 25 at ¶¶ 3, 70) The Board reviewed the Proxy, which solicited Envision's stockholders to vote in favor of the Merger. (*Id.* at ¶ 70) The Proxy disclosed the use of the Management Case and Sensitivity Case Projections, and it contained fairness opinions from the Financial Advisors. (D.I. 31, Ex. 5 at 49, 51-75)

On September 6, 2018, Envision supplemented the Proxy with more information about the development of the Sensitivity Case Projections. (D.I. 31, Ex. 6) On September 11, 2018, the Envision stockholders held a special meeting to vote on the Merger. (D.I. 25 at ¶ 9) A majority of Envision's stockholders voted to approve the Merger, which closed on October 11, 2018. (*Id.*)

## III. LEGAL STANDARD

### A. Rule 12(b)(6) Standard Generally

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790-91 (3d Cir. 2016).

To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to

---

427 (3d Cir. 1999)). At this stage of the proceedings, the court accepts as true plaintiff's averments challenging statements in the publicly filed documents.

relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555-56.

The court's determination is not whether the non-moving party "will ultimately prevail," but whether that party is "entitled to offer evidence to support the claims." *United States ex rel. Wilkins v. United Health Grp., Inc.*, 659 F.3d 295, 302 (3d Cir. 2011). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). The court's analysis is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-64.

### B. Section 14(a) of the Securities Exchange Act of 1934

Section 14(a) of the Securities Exchange Act of 1934 provides:

> It shall be unlawful for any person, by the use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors, to solicit or to permit the use of his name to solicit any proxy or consent or authorization in respect of any security (other than an exempted security) registered pursuant to section 78l of this title.

15 U.S.C. § 78n(a)(1). "[Section] 14(a) of the Securities Exchange Act was intended to promote the free exercise of the voting rights of stockholders by ensuring that proxies would be solicited with explanation to the stockholder of the real nature of the questions for which authority to cast

4

his vote is sought." *TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 444 (1976) (internal quotation marks omitted). Rule 14a-9, which was promulgated by the Securities and Exchange Commission ("SEC") pursuant to Section 14(a) of the Securities Exchange Act of 1934, prohibits a proxy statement

> containing any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading.

17 C.F.R. § 240.14a-9. To prevail on a § 14(a) claim, the plaintiff must show that "(1) a proxy statement contained a material misrepresentation or omission which (2) caused the plaintiff injury and (3) that the proxy solicitation itself, rather than the particular defect in the solicitation materials, was an essential link in the accomplishment of the transaction." *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 228 (3d Cir. 2007) (quoting *Cal. Pub. Employees' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 144 (3d Cir. 2004) (internal quotation marks omitted)).

A claim brought under § 14(a) which is grounded in allegations of fraud must satisfy the Rule 9(b) particularity requirements at the pleadings stage. *See Chubb Corp.*, 394 F.3d at 144-45 ("While claims brought pursuant to section 14(a) of the 1934 Act do not require that scienter be pleaded, any claims brought under the 1934 Act must meet the PSLRA particularity requirements . . . if a plaintiff elects to ground such claims in fraud."). A § 14(a) claim may also sound in negligence as opposed to fraud. *See Gould v. Am.-Hawaiian S. S. Co.*, 535 F.2d 761, 777 (3d Cir. 1976). Courts in this district have acknowledged that it "appears to be an open question as to whether Section 14(a) claims pled in terms of negligence are subject to Rule 9(b) or PSLRA particularity requirements." *Jaroslawicz v. M&T Bank Corp.*, C.A. No. 15-897-RGA,

2017 WL 1197716, at *3 (D. Del. Mar. 30, 2017) (concluding that the Rule 9(b) standard should not apply to § 14(a) claims sounding in negligence).

## IV. DISCUSSION

### A. Motion to Dismiss

#### 1. Whether the Sensitivity Case Projections are materially false or misleading

In support of the motion to dismiss, defendants argue that the complaint fails to state a claim because the Management Case Projections and the Sensitivity Case Projections were fully and accurately disclosed in the Proxy. (D.I. 30 at 9) Defendants contend that the Sensitivity Case Projections represented the potential impact of risks outside of Envision's control, and they were not disclosed in the Proxy as a factual statement about Envision's prospects. (D.I. 30 at 9-10) Moreover, defendants allege that plaintiff's claims are barred by the "bespeaks caution" doctrine because the Sensitivity Case Projections included cautionary statements about the accuracy of the predictions. (*Id.* at 11)

In response, plaintiff contends that the Sensitivity Case Projections were misleading because they were created to justify KKR's low offer, and they did not reflect the legitimately held beliefs of management or defendants regarding Envision's future financial prospects. (D.I. 34 at 17) In this regard, plaintiff's challenge is based on the Sensitivity Case Projections as an actionable statement of opinion, not a statement of fact. (*Id.*) Plaintiff alleges that the "bespeaks caution" doctrine does not bar the claims because defendants cannot immunize themselves from liability for knowingly disclosing unreasonable projections containing generalized warnings that the projections may not come to fruition. (*Id.*)

6

The Third Circuit has held that financial projections attached to a proxy statement "d[o] not stand alone as a statement of affirmative fact," particularly where "their inclusion is accompanied by a lengthy and specific disclaimer." *OFI Asset Mgmt. v. Cooper Tire & Rubber*, 834 F.3d 481, 501 (3d Cir. 2016) (upholding dismissal of claims challenging projections as statements of fact). The amended complaint does not specifically identify any false or misleading statements within the Sensitivity Case Projections. For this reason, I recommend that the court grant defendants' motion to dismiss to the extent that the amended complaint challenges the factual accuracy of the Sensitivity Case Projections themselves.

However, the amended complaint challenges the veracity of the Proxy based on the assertion that the Sensitivity Case Projections "did not truly and accurately reflect management's legitimately-held views regarding [Envision's] future prospects." (D.I. 25 at ¶ 74) The Third Circuit has held that "opinions, predictions and other forward-looking statements are not *per se* inactionable under the securities laws. Rather, such statements of 'soft information' may be actionable misrepresentations if the speaker does not genuinely and reasonably believe them." *In re Donald Trump Casino Sec. Litig.*, 7 F.3d 357, 368-69 (3d Cir. 1993) (internal citations omitted). The amended complaint in the present case alleges that management did not reasonably believe the Sensitivity Case Projections were an accurate assessment of Envision's future prospects, citing the timing of the preparation of the Sensitivity Case Projections in relation to the overtures of KKR and other potential bidders. (D.I. 25 at ¶¶ 7, 39) Thus, plaintiff's allegations in the amended complaint that the Sensitivity Case Projections were not an accurate reflection of management's true opinions of Envision's future prospects may proceed to

7

discovery.³ Viewing the facts in the light most favorable to plaintiff, I recommend that the court deny defendants' motion to dismiss plaintiff's § 14(a) claim to the extent that the claim is based on management's opinion of the Sensitivity Case Projections.

Defendants cannot prevail on their argument that the "bespeaks caution" doctrine bars plaintiff's § 14(a) claim. The "bespeaks caution" doctrine provides that,

> when an offering document's forecasts, opinions or projections are accompanied by meaningful cautionary statements, the forward-looking statements will not form the basis for a securities fraud claim if those statements did not affect the "total mix" of information the document provided investors. In other words, cautionary language, if sufficient, renders the alleged omissions or misrepresentations immaterial as a matter of law.

*In re Donald J. Trump Secs. Litig.*, 7 F.3d 357, 371 (3d Cir. 1993). Vague or boilerplate disclaimers cautioning that the investment has risks are insufficient to prevent misinformation. *Kline v. First W. Gov't Sec.*, 24 F.3d 480, 489 (3d Cir. 1994). "To suffice, the cautionary statements must be substantive and tailored to the specific future projections, estimates or opinions in the prospectus which the plaintiffs challenge." *Id.* (quoting *Trump*, 7 F.3d at 371-72).

In the present case, the September 6, 2018 supplement to the Proxy states that "[f]orward-looking statements are not guarantees of future performance. Whether actual results will conform to expectations and predictions is subject to known and unknown risks and

---

³ In *Laborers' Local #231 Pension Fund v. Cowan*, C.A. No. 17-478-MAK, 2018 WL 3243975, at *1 (D. Del. July 2, 2018), the court reaffirmed that "claims based on projections with cautionary warnings or innuendo do not proceed into discovery for securities claims." However, the court noted an exception for a claim based on a representation that the corporation's board placed confidence in a financial advisor's analysis and opinion, despite the fact that the board withheld facts calling into question the accuracy of the financial advisor's analysis. *Id.* Similarly, the amended complaint in the present case alleges that the Board did not fully disclose relevant information in the Proxy regarding the origins of the Sensitivity Case Projections and defendants' existing relationship with KKR. (D.I. 25 at ¶¶ 7, 39, 75)

8

uncertainties. . . ." (D.I. 31-1 at 383) However, the "bespeaks caution" doctrine does not bar plaintiff's cause of action in the present case because the crux of plaintiff's § 14(a) claim is based not on the contents of the Sensitivity Case Projections themselves, but rather on defendants' motivation for soliciting the Sensitivity Case Projections in the first instance and defendants' alleged representation that the Management Case Projections and the Sensitivity Case Projections were equally likely to come to fruition.

For the foregoing reasons, I recommend that the court deny defendants' motion to dismiss Count I of plaintiff's amended complaint for violations of § 14(a) of the Exchange Act and Rule 14a-9.

### 2. Whether opinions relating to the Sensitivity Case Projections were materially false or misleading

#### a. "Reasonable sensitivities"

The Proxy states that,

> [i]n light of feedback received from stockholders and bidders regarding risks and uncertainties affecting the Company's business, as well as management's ongoing testing of the potential impact of these risks and uncertainties, members of management began preparing a presentation reflecting reasonable sensitivities to the Management Case to assist management and the board in assessing market and sector risks that were viewed by management to be not subject to the Company's control and that could give rise to deviations from the long-term projections set forth in the Management Case. . . .

(D.I. 31, Ex. 5 at 42) Defendants contend that the Proxy's reference to "reasonable sensitivities" is not false or misleading because the differences between the two sets of projections were modest, and the new assumptions were intended to account for the long-term impact of market and sector risks outside of Envision's control. (D.I. 30 at 12) Defendants allege that plaintiff has not shown why this projected view of market and sector risks was unreasonable, or whether the Board believed the assumptions were unreasonable. (*Id.* at 13-14) Moreover, defendants argue

9

that the Board's opinion regarding the reasonableness of the Sensitivity Case Projections was not material to the decision made by investors in light of the relevant information available to them. (*Id.* at 14)

According to plaintiff, the Sensitivity Case Projections were prepared to give the Financial Advisors numbers to justify a fairness opinion, and not for any legitimate changes to Envision's future prospects. (D.I. 34 at 6) Plaintiff points to the lack of any meaningful change between February and May 2018, the timing of the creation of the Sensitivity Case Projections, the fact that the Sensitivity Case Projections were not given to KKR, and statements made by executives regarding confidence in the Management Case Projections as factual support for the allegations in the amended complaint. (*Id.*)

I recommend that the court deny the motion to dismiss with respect to defendants' allegations regarding the "reasonable sensitivities" reflected in the Proxy because the amended complaint adequately pleads allegations showing that the Sensitivity Case Projections were created for the purpose of depressing Envision's stock price before the acquisition by KKR. The amended complaint highlights Envision's financial results, which exceeded management's expectations, suggesting that "members of Envision's management caved to pressure from activist stockholders and bidders and developed the significantly reduced, more pessimistic set of projections, the Sensitivity Case Projections." (*Id.* at ¶ 66) The amended complaint further alleges that the Sensitivity Case Projections reflect "adjustments made just before the Financial Advisors needed projections they could use to prepare a fairness opinion at the $46.00 offer price." (*Id.* at ¶ 72) Although defendants present a number of reasons why the Sensitivity Case Projections were reasonable, this amounts to a factual dispute requiring a weighing of the evidence to ascertain the motivations behind preparing the Sensitivity Case Projections. At this

stage of the proceedings, the court must view the amended complaint in the light most favorable to plaintiff. Consequently, defendants' motion is denied on this issue.

### b. "Equally likely" projections

The Proxy provides that,

> [a]s a result of discussions with [Envision's] management and the board regarding their views of the risks associated with the Management Case and the Management Sensitivity Case, for purposes of [the Financial Advisors'] opinion and financial analyses, [the Financial Advisors] assumed that the Management Case and Management Sensitivity Case are equally likely.

(D.I. 31, Ex. 5 at 52, 58, 62, B-2, C-2) Defendants argue that, although the Financial Advisors assumed the Management Case Projections and the Sensitivity Case Projections were equally likely in rendering their opinions, the Proxy did not otherwise make representations about the likelihood of the projections. (D.I. 30 at 14) According to defendants, plaintiff fails to plead that the Financial Advisors did not actually assume that the two sets of projections were equally likely. (*Id.* at 14-15)

In response, plaintiff contends that the challenged statements represent the position of Envision and the Board that the two sets of projections were equally likely. (D.I. 34 at 10) According to plaintiff, the "equally likely" statements were false or misleading because the two sets of projections were not equally likely from an objective standpoint, and defendants did not subjectively believe they were equally likely. (*Id.* at 11)

I recommend that the court deny defendants' motion to dismiss on this issue. Although the amended complaint does not allege that the Financial Advisors misrepresented their opinions by concluding that the Management Case Projections and Sensitivity Case Projections were equally likely, the amended complaint does allege that defendants knew the two sets of projections were not equally likely. (D.I. 25 at ¶¶ 4(ii), 5, 73) The Proxy acknowledges that the

11

opinions of the Financial Advisors regarding the Management Case Projections and the Sensitivity Case Projections were the "result of discussions with Envision's management and the board regarding their views of the risks associated with the Management Case and the Management Sensitivity Case." (D.I. 31, Ex. 5 at 52, 58, 62) For the reasons previously stated at § IV.A.2.a, *supra*, the amended complaint adequately pleads facts supporting the position that defendants were aware of the alleged misrepresentations in the Proxy regarding the Sensitivity Case Projections.

### c. "Fairness" of Merger consideration

Defendants contend that the amended complaint should be dismissed because plaintiff provides no factual basis to conclude that the Board did not subjectively believe the Merger consideration to be fair. (D.I. 30 at 17) Defendants allege that plaintiff offers no provable facts about Envision's worth to justify greater Merger consideration or to show that the $46.00 per share consideration received in the Merger was unfair. (*Id.*) Defendants also argue that the public record shows the Merger consideration was higher than the closing share price on the trading day immediately before the Merger, and Envision's stock price generally decreased after September 2017. (*Id.*)

In response, plaintiff alleges that statements in the Proxy regarding defendants' belief in the fairness of the Merger consideration were false or misleading because defendants knew the valuation ranges calculated by the Financial Advisors using the Management Case Projections exceeded the Merger consideration. (D.I. 34 at 13-14) Plaintiff challenges defendants' contention regarding whether receiving a premium over the trading price is indicative of the fairness of an offer price, noting that stockholders often receive a significant premium over trading prices in a merger transaction. (*Id.* at 14-15)

12

I recommend that the court deny defendants' motion to dismiss on this issue. In the amended complaint, plaintiff challenges the veracity of the Proxy's representation that the Merger was "advisable, fair to and in the best interests of the Company and its stockholders." (D.I. 25 at ¶ 75) The amended complaint contains sufficient allegations, taken as true, to allow a reasonable inference that defendants knew the Merger consideration was not fair despite the representations in the Proxy. Specifically, the amended complaint cites to: (1) the anomalous nature of Envision's poor third quarter 2017 results; (2) the role of activist investors in pushing for a sale; (3) the higher Management Case Projections reflecting management's best estimates; (4) conservative forecasts in early 2018; (5) second quarter 2018 results suggesting good growth prospects; (6) analyst price targets that significantly exceeded the Merger consideration; and (7) the projections of the Financial Advisors based on the Management Case Projections, which exceeded the Merger consideration. (*Id.* at ¶ 76) Although defendants also cite a number of factors in support of their contrary position that the Merger consideration was fair, such factual disputes must be resolved in plaintiff's favor on a motion to dismiss. *See Hydrogen Master Rights, Ltd. v. Weston*, C.A. No. 16-474-RGA, 228 F. Supp. 3d 320, 335 (D. Del. 2017) ("The court cannot resolve on a motion to dismiss a factual dispute. . . .").

### d. Fairness opinions as a "positive factor" in the Merger

In addressing plaintiff's challenge to the Board's consideration of the Financial Advisors' allegedly flawed fairness opinions, defendants contend that the Financial Advisors performed their own review of multiple factors and data, and they did not rely solely on the Sensitivity Case Projections. (D.I. 30 at 15-16) Defendants stress that the fairness opinions were only one of eight factors the Board found to favor the Merger, and the fairness opinions themselves were

13

based on multiple factors, including consideration of the two sets of projections reflecting different risk assumptions. (*Id.* at 16)

In response, plaintiff contends that defendants did not genuinely believe the fairness opinions were a "positive factor" in support of the Merger because they knew the fairness opinions were predicated on the flawed Sensitivity Case Projections. (D.I. 34 at 16) According to plaintiff, the Financial Advisors could not have concluded that the Merger was fair absent consideration of the Sensitivity Case Projections. (*Id.*) Plaintiff alleges that a reasonable shareholder could interpret the challenged statement to establish that defendants were confident in the assessment of the Financial Advisors. (*Id.* at 16-17)

I recommend that the court deny defendants' motion to dismiss on this issue. The Proxy states that the Board considered eight positive factors supporting the Board's decision on the Merger, one of which was the fairness opinions of the Financial Advisors. (D.I. 31, Ex. 5 at 44-48) The amended complaint alleges that it was materially false or misleading for defendants to identify these fairness opinions as a "positive factor" because defendants knew the fairness opinions were based on the fundamentally flawed Sensitivity Case Projections and did not accurately project Envision's future financial performance. (D.I. 25 at ¶ 75) Because the Proxy represented that defendants placed confidence in the Financial Advisors' fairness opinions, the amended complaint alleges that a reasonable investor could have mistakenly assumed that defendants believed in the accuracy of the underlying information, including the Sensitivity Case Projections, on which the fairness opinions were based. (*Id.*) Taking these allegations as true, plaintiff has adequately stated a claim for relief at this stage of the proceedings.

### 3. Loss causation

Defendants contend that plaintiff failed to plead the alleged misstatements or omissions caused a loss because the amended complaint contains no plausible factual basis to conclude that Envision's value exceeded the Merger consideration. (D.I. 30 at 18-19) In response, plaintiff alleges that the amended complaint satisfies the Rule 8 standard with respect to loss causation because there is a presumption of loss causation when a proxy containing a material misstatement or omission is an essential link in the consummation of a transaction.[4] (D.I. 34 at 18-19)

Both parties rely on the Third Circuit's decision in *Jaroslawicz v. M&T Bank Corp.*, 912 F.3d 96, 114-15 (3d Cir. 2018) for the pleading standard on loss causation. On June 4, 2019, after briefing on the instant motion was complete, the Third Circuit granted a petition for rehearing and vacated the opinion and judgment relied upon by the parties. *Jaroslawicz v. M&T Bank Corp.*, 925 F.3d 605 (3d Cir. 2019). Because the standard relied upon by the parties in their briefing has been vacated, and the Third Circuit has not yet provided further guidance on the standard in *Jaroslawicz*, the court proceeds under the standard applied by the Supreme Court and other courts prior to *Jaroslawicz*.

Loss causation requires a showing of "a causal connection between the material misrepresentation and the loss." *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 342 (2005). "To show loss causation, a plaintiff must prove both economic loss and proximate causation. In well-pleaded § 14(a) claims, loss causation connects the proxy misstatements with actual economic

---

[4] Plaintiff relies on the Supreme Court's decision in *Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375 (1970) in support of plaintiff's position regarding the presumption of loss causation arising when the plaintiff identifies a material misstatement or omission in a proxy, and the proxy is an essential link in the consummation of the transaction at issue. (D.I. 34 at 18-19)

15

harm." *N.Y.C. Emps.' Ret. Sys. v. Jobs*, 593 F.3d 1018, 1023 (9th Cir. 2010). In *Mills v. Electric Auto-Lite Co.*, the Supreme court held that, "[w]here there has been a finding of materiality, a shareholder has made a sufficient showing of causal relationship between the violation and the injury for which he seeks redress if, as here, he proves that the proxy solicitation itself, rather than the particular defect in the solicitation materials, was an essential link in the accomplishment of the transaction." 396 U.S. 375, 385 (1970).

Plaintiffs sufficiently plead loss causation. For the reasons previously stated at § IV.A.1-2, *supra*, the amended complaint adequately pleads facts establishing the materiality of the misrepresentations, which led the stockholders to accept the Merger as a fair transaction. Moreover, the amended complaint states that "[t]he materially false and misleading Proxy was an essential link in the consummation of the Merger, as the Stockholder Vote and resulting Merger could not have occurred without the dissemination of the Proxy." (D.I. 25 at ¶ 9; *see also* ¶ 77) Courts have concluded that such statements are sufficient to plead proximate causation at this stage of the proceedings. *See Azar v. Blount Int'l, Inc.*, 2017 WL 1055966, at *11 (D. Or. Mar. 20, 2017) (Plaintiffs adequately plead proximate causation when they allege that the Proxy 'was an essential link in the accomplishment of the transaction.'" (citing *Mills*, 396 U.S. at 385)).

The amended complaint also adequately pleads economic loss. (D.I. 25 at ¶¶ 78-81) The amended complaint alleges that, according to the valuations of certain analysts and the Management Case, the value of the Company exceeded the $ 46 per share Merger consideration received by stockholders. (*Id.*) The factual allegations in the amended complaint, viewed in the light most favorable to plaintiff, plausibly suggest that the Company was worth more than the Merger consideration, and the stockholders would have received additional compensation if not

for the material misstatements in the Proxy. *See Azar*, 2017 WL 1055966, at *11 (citing *Mills*, 396 U.S. at 389; *Hot Topic*, 2014 WL 7499375, at *10).

### 4. Negligence

Defendants contend that the amended complaint does not sufficiently allege that defendants acted negligently in preparing the Proxy. (D.I. 30 at 19) According to defendants, the Proxy contained extensive information about the Sensitivity Case Projections, including why they were prepared, how they differed from the Management Case Projections, and how they were used by the Financial Advisors. (*Id.* at 19-20) Defendants argue that disclosure of projections provided to the Financial Advisors is required by law and, therefore, cannot be negligent. (*Id.* at 20) In response, plaintiff contends that defendants are negligent as a matter of law where, as here, the Proxy contains a material omission or misleading statement. (D.I. 34 at 20)

I recommend that the court deny defendants' motion to dismiss as it pertains to plaintiff's § 14(a) claim sounding in negligence. Defendants owed a duty to plaintiff under § 14(a) "fully and fairly to disclose the material facts in the proxy materials they issued to them." *See Gould v. Am.-Hawaiian S.S. Co.*, 535 F.2d 761, 778 (3d Cir. 1976). For the reasons previously discussed at § IV.A.1-3, *supra*, the amended complaint adequately alleges that defendants failed to perform this duty.

### 5. Section 20 claim

Defendants allege that plaintiff's § 20(a) claims against the individual defendants should also be dismissed for the same reasons plaintiff's § 14(a) claims should be dismissed. (D.I. 30 at 20) In response, plaintiff agrees that a claim under § 20(a) rises and falls with a § 14(a) claim, but contends that the amended complaint adequately alleges that the individual defendants held

17

positions of authority as Envision directors who had the ability to control the issuance and contents of the Proxy. (D.I. 34 at 20)

I recommend that the court deny defendants' motion to dismiss plaintiff's cause of action under § 20(a). Section 20(a) claims are derivative claims "premised on an independent violation of the federal securities laws." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 211 (3d Cir. 2002). For the reasons previously discussed at § IV.A.1-4, *supra*, plaintiff has adequately pleaded a § 14(a) claim. It follows that plaintiff has also adequately pleaded a cause of action under § 20(a).

## B.     Motion to Strike

Plaintiff moves to strike certain exhibits attached to the Declaration of Brian F. Morris, which were relied upon by defendants in support of the motion to dismiss the amended class action complaint. (D.I. 33 at 2) According to plaintiff, five of the eight exhibits[5] are not cited in the amended complaint and, therefore, cannot be incorporated by reference into the amended complaint as required for consideration on a motion to dismiss. (*Id.* at 3-5) While plaintiff concedes that the Proxy attached as Exhibit 5 is essential to the claims asserted in the amended complaint, plaintiff challenges the accuracy of the Proxy and, therefore, alleges that the court should not accept the factual allegations in the Proxy as true. (*Id.* at 5-6)

In response, defendants contend that the motion to strike should be denied because plaintiff failed to meet and confer in accordance with Local Rule 7.1.1[6] prior to filing the

---

[5] Specifically, Exhibits 2, 4, 6, 7, and 8 are not cited in the amended complaint. (D.I. 33 at 3, 5) Plaintiff does not dispute that Exhibits 1 and 3 are referenced in the amended complaint and may be considered on a motion to dismiss. (*Id.*)

[6] I recommend that the court exercise its discretion to consider plaintiff's motion to strike despite plaintiff's alleged failure to meet and confer with opposing counsel prior to filing the motion in accordance with D. Del. Local Rule 7.1.1.

18

pending motion or apply the Rule 12(f) standard governing motions to strike. (D.I. 35 at 2-3) Defendants further allege that the court may take judicial notice of the exhibits because they were publicly filed with the SEC, and they are relevant to the claims asserted in the amended complaint. (*Id.* at 5)

I recommend that the court deny plaintiff's motion to strike. Plaintiff concedes that the court may consider the contents of the publicly-available exhibits, so long as the court does not accept the factual assertions within those documents as true. (D.I. 37 at 3-4) The law is well-established that the court may take judicial notice of properly-authenticated public disclosure documents filed with the SEC, without regard to the truth of the matters asserted within them. *See McCullough v. Advest, Inc.*, 754 F. App'x 109, 111 (3d Cir. 2018) (quoting *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008)); *Collins & Aikman Corp. v. Stockman*, C.A. No. 07-265-SLR-LPS, 2009 WL 1530120, at *22 (D. Del. May 20, 2009) (report and recommendation rejected in part on other grounds). In accordance with the foregoing authority, the court did not consider the truth of the matters asserted in Envision's SEC filings attached as Exhibits 2, 4, 5, 6, 7, and 8 to the Declaration of Brian F. Morris.

The parties do not dispute that the Proxy attached as Exhibit 5 to the Declaration of Brian F. Morris was also incorporated by reference into the amended complaint. (D.I. 33 at 3) ("Exhibit 5—the Proxy—is inarguably essential to Plaintiff's claims that materially false or misleading statements were made in the Proxy, in violation of Section 14(a) of the Securities Exchange Act of 1934 and SEC Rule 14a-9."). The Proxy is "the very document[] alleged to contain the various misrepresentations or omissions" and is relevant "not to prove the truth of [its] contents but only to determine what the document[] stated." *Kramer v. Time Warner Inc.*,

19

937 F.2d 767, 774 (2d Cir. 1991). Denial of plaintiff's motion to strike with respect to Exhibit 5 is therefore warranted on this additional basis as well.

## V. CONCLUSION

For the reasons discussed above, I recommend that the court deny defendants' motion to dismiss (D.I. 29), and deny plaintiff's motion to strike (D.I. 33).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The objections and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: August 1, 2019

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE