IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re ENVISION HEALTHCARE CORP. | Civil Action No. 18-cv-01068-RGA |

MEMORANDUM OPINION

Juan E. Monteverde and Miles D. Schreiner, MONTEVERDE & ASSOCIATES PC, New York, NY; Blake A. Bennett, COOCH AND TAYLOR, P.A., Wilmington, DE, attorneys for Lead Plaintiff Jon Barrett and the Putative Class.

Peter E. Kazanoff and Craig S. Waldman, SIMPSON THACHER & BARTLETT LLP, New York, NY; Rachelle Silverberg and Corey J. Banks, WACHTELL, LIPTON, ROSEN & KATZ, New York, NY; Raymond J. DiCamillo and Daniel E. Kaprow, RICHARDS, LAYTON & FINGER, P.A., Wilmington, DE, attorneys for Defendants Envision Healthcare Corporation, William A. Sanger, Christopher A. Holden, James D. Shelton, Michael L. Smith, Leonard M. Riggs, Carol J. Burt, Cynthia S. Miller, Kevin P. Lavender, Joey A. Jacobs, Steven I. Geringer, John T. Gawaluck, and James A. Deal.

September 19, 2019


**ANDREWS, U.S. DISTRICT JUDGE:**

Presently before me is the Report & Recommendation ("Report") of a United States Magistrate Judge. (D.I. 44). It addresses Defendants' Motion to Dismiss for failure to state a claim (D.I. 29) and Plaintiff's Motion to Strike the Exhibits to Defendants' Motion to Dismiss (D.I. 33). Defendants filed objections to the Report. (D.I. 47). Plaintiff responded to Defendants' objections. (D.I. 52). The Magistrate Judge's Report is comprehensive, and I will adopt the factual findings and legal conclusions in the Report. I do not separately recite any of them except as I think necessary to explain my decision.

## I. LEGAL STANDARD

Magistrate Judges have authority to make recommendations as to the appropriate resolution of a motion to dismiss pursuant to 28 U.S.C. § 636(b)(1)(B). In the event of an objection, this Court reviews the objected-to determinations *de novo*.

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the complaint's factual allegations as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 555. The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.* ("Factual assumptions must be enough to raise a right to relief above the speculative level ... on the assumption that the allegations in the complaint are true (even if doubtful in fact).") There must also be sufficient factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* ("Where a complaint pleads facts that are merely consistent with a

defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)).

## II. DISCUSSION

Defendants' first objection to the Report is that it did not apply the appropriate legal standards, by: (1) failing to apply the particularity requirements of Rule 9(b) and the Private Securities Litigation Reform Act ("the PSLRA"), (2) failing to analyze whether the plaintiff pled facts supporting a plausible inference that Defendants knew the Sensitivity Case Projections were false, (3) failing to analyze whether the opinion statements were objectively false, and (4) applying the "bespeaks caution" doctrine to the wrong statements. (D.I. 47 at 1-8).

While a claim brought under § 14(a) which is grounded in allegations of fraud must satisfy the Rule 9(b) particularity requirements at the pleadings stage, Plaintiff's claim is grounded in allegations of negligence. (*See, e.g.*, D.I. 25 at ¶¶ 98-100). Therefore, the particularity standards of Rule 9(b) and the PSLRA do not apply to this case. As the Magistrate Judge stated in her Report, "a claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (D.I. 44 at 4, citing *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Report's recommendation is based upon an analysis of various facts contained in the amended complaint that could support a reasonable inference that the Sensitivity Case Projections were created to provide a basis for projecting a low stock price before the acquisition by KKR. These facts include "the lack of any meaningful change between February and May 2018, the timing of the creation of the Sensitivity Case Projections, the fact that the Sensitivity Case Projections were not given to KKR, and statements made by executives regarding confidence in

3

the Management Case Projections." (D.I. 44 at 10). I agree with the Magistrate Judge in finding Plaintiff's claim sufficiently pleaded.

Defendants further argue that the Report failed to analyze whether each opinion statement was objectively false, thereby failing to satisfy "the element of fact that must be established under § 14(a)." (D.I. 47 at 5, citing *Va. Bankshares, Inc. v. Sandberg*, 501 U.S. 1083, 1096 (1991)). For an opinion statement to be actionable, a plaintiff must allege "that the statement also expressly or impliedly asserted something false or misleading about its subject matter" or "was defective as to its subject matter." *Va. Bankshares*, 501 U.S. at 1095-96. In *Virginia Bankshares*, the Supreme Court explained that "circumstantial evidence bearing on the facts that would reasonably underlie the reasons claimed and the honesty of any statement that those reasons are the basis for a recommendation or other action," could sufficiently establish that an opinion statement is "defective," i.e., false. *Id.* at 1092-93, 1095. In the amended complaint, Plaintiff identifies factual allegations supporting the inference that the Sensitivity Case Projections were not "reasonable." (D.I. 25 at ¶72) and that the Merger consideration was not "fair" (D.I. 25 at ¶76). I agree with the Magistrate Judge that Plaintiff alleges facts sufficient to satisfy a conclusion that the description of the "sensitivities" as "reasonable" is both subjectively and objectively false.

Defendants also argue that the Report misapplied the "bespeaks caution" doctrine by incorrectly concluding that none of the cautionary statements were sufficient for Defendants to evade liability on a motion to dismiss. (D.I. 47 at 8). The Magistrate Judge concluded, however, that the "plaintiff's § 14(a) claim is based not on the contents of the Sensitivity Case Projections themselves, but rather on defendants' motivation for soliciting the Sensitivity Case Projections in the first instance and defendants' alleged representation that the Management Case Projections and the Sensitivity Case Projections were equally likely to come to fruition." (D. I. 44 at 9). I agree.

4

I overrule Defendants' first objection to the Report.

Defendants' second objection to the Report is that it erred by accepting Plaintiff's "rewrite" of the Proxy disclosures. (D. I. 47 at 8). Defendants argue that: (1) Plaintiff mischaracterizes the Proxy's description of the Sensitivity Case Projections, (2) Plaintiff misrepresents the "reasonable sensitivities" statement in the Proxy, and (3) Defendants did not represent that the two sets of projections disclosed in the Proxy were "equally likely." (*Id.* at 8-10). The Report's recommendation reflects the fact that: (1) the amended complaint adequately pleads allegations showing that the Sensitivity Case Projections were created to provide a basis for projecting a low stock price for Envision before the acquisition by KKR (D.I. 25 at ¶66), (2) the amended complaint adequately pleads allegations that Defendants knew the two sets of projections were not "equally likely" (*id.* at ¶73), and (3) the Merger consideration was not "fair" despite the representations in the Proxy. (*Id.* at ¶75). The Report relies directly on the text of the Proxy for these characterizations. Therefore, I do not find that the Magistrate Judge relied on an inaccurate rewriting of the statements contained in the Proxy.

I overrule Defendants' second objection to the Report.