## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE ENVISION HEALTHCARE CORP.<br><br>This Document Relates To: ALL ACTIONS | Case No. 18-cv-01068-RGA-SRF<br><br>CLASS ACTION<br><br>CONSOLIDATED SHAREHOLDER LITIGATION |

## [PROPOSED] SCHEDULING ORDER

This __4__ day of __December__, 2019, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within ten (10) days of the date of this Order.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before <u>June 18, 2020</u>.

3. <u>Discovery.</u>

    a. <u>Discovery Cut Off</u>. All fact discovery in this case may be initiated immediately and will be completed on or before <u>September 30, 2020</u>.

    b. <u>Document Production</u>. Document productions in response to the initial document requests, if served on or about <u>December 1, 2019</u>, shall be made on a rolling basis

starting on January 15, 2020. Document production shall be substantially complete by May 29, 2020. Privilege logs are due on or before June 18, 2020.

        c.      Requests for Admission. A maximum of 25 requests for admission are permitted for each side.

        d.      Interrogatories. A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.

        e.      Depositions.

            i.      Limitation on Hours for Deposition Discovery. Each side is limited to a total of 18 depositions upon oral examination, for up to 7 hours per deposition, unless otherwise agreed by the parties or ordered by the Court.

            ii.     Location of Depositions. The parties will meet and confer to accommodate any party and/or witness deposition to the preferred location for the party and/or witness within the United States.

        f.      Disclosure of Expert Testimony.

            i.      Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before October 29, 2020. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before December 14, 2020. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Any expert depositions shall be taken no later than February 12, 2021.[1]

---

[1] This deadline subject to the class certification expert schedule in Paragraph 4 below.

     ii.  Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

    g.  Discovery Matters and Disputes Relating to Protective Orders. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule a hearing. Unless otherwise ordered, by no later than forty-eight hours prior to the hearing, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than twenty-four hours prior to the hearing, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s).

  If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

  4.  Class Certification.

    a.  In advance of Plaintiff's Motion for Class Certification, the parties shall meet and confer in good faith regarding expert testimony, if any, upon which they plan to rely on the motion and shall disclose expert information as set forth in the transcript of the November 26, 2019 Rule 16(b) scheduling conference by March 13, 2020.

      b.      Plaintiff's Motion for Class Certification shall be filed by <u>April 13, 2020</u>.

      c.      Deposition(s) of Plaintiff and Plaintiff's class certification expert(s), if any, shall take place by <u>June 15, 2020</u>.

      d.      Defendants' Opposition to Plaintiff's Motion for Class Certification shall be filed by <u>July 10, 2020</u>.

      e.      Deposition(s) of Defendants' class certification expert(s), if any, shall take place by <u>July 31, 2020</u>.

      f.      Plaintiff's Reply to his Motion for Class Certification shall be filed by <u>August 24, 2020</u>.

      g.      The dates set forth in Paragraphs 4(d) and 4(e) above may be extended by agreement of the parties or by Order of the Court for good cause shown to the extent that Plaintiff's Reply to his Motion for Class Certification and/or Plaintiff's rebuttal experts, if any, require discovery that is not yet completed.

5.     <u>Application to Court for Protective Order</u>.  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order.  Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(g) above.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an

opportunity to appear and be heard on whether that information should be disclosed.

6. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

7. <u>Courtesy Copies</u>. The parties shall provide to the Court two (2) courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

9. <u>Interim Status Report</u>. On June 26, 2020, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

10. <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before <u>March 18, 2021</u>. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court. Any opposition brief and affidavits shall be filed on or before <u>April 15, 2021</u>. The movant shall file a reply brief and affidavits, if any, on or before <u>May 13, 2021</u>.

11. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

12. <u>Pretrial Conference</u>. On <u>September 17, 2021</u>, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at <u>2 p.m</u>. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the third business day before the date of the final pretrial conference. Unless otherwise ordered by

the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

        13.      Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

        14.      Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5 p.m. on the third business day before the date of the final pretrial conference. The plaintiff should expect to submit to an email address to be designated each of the foregoing four documents in WordPerfect format.

        15.      Trial. This matter is scheduled for a 10 day jury trial beginning at 9:30 a.m. on October 4, 2021, with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

16. <u>ADR Process</u>. Having discussed the ADR process during the Rule 16 scheduling conference, the Court will schedule one or more teleconferences to discuss ADR with the parties during the pendency of this case.

_____
UNITED STATES DISTRICT JUDGE