**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE ENVISION HEALTHCARE CORP. <br><br> This Document Relates to: ALL ACTIONS | Case No. 1:18-cv-01068-RGA-SRF <br><br> CLASS ACTION <br><br> CONSOLIDATED STOCKHOLDER LITIGATION |

## ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, an action pending before this Court is styled *In Re Envision Healthcare Corp.*, Civil No. 18-cv-01068-RGA (the "Litigation");

WHEREAS, the Court-appointed Lead Plaintiff Jon Barrett ("Lead Plaintiff") has made a motion, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation of Settlement dated October 15, 2020 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation between the Settling Parties and for dismissal with prejudice of the Litigation against Defendants and of the Released Claims against Defendants and Defendants' Released Persons upon the terms and conditions set forth therein;

WHEREAS, the Court having read and considered the Stipulation and the Exhibits annexed thereto;

WHEREAS, the Settling Parties to the Stipulation having consented to entry of this Order; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     The Court has reviewed the Stipulation, finds that the Stipulation resulted from arm's length negotiations, and does hereby preliminarily approve the Stipulation and Settlement set forth therein as being fair, reasonable and adequate to Settlement Class Members subject to further consideration at the hearing described in ¶5 below.

2.     Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, the Litigation is hereby preliminarily certified as a class

action on behalf of all record holders and all beneficial holders of Envision Healthcare

Corporation ("Envision") common stock who purchased, sold or held such stock during the

period from and including August 10, 2018, the record date for voting on Enterprise Parent

Holdings Inc.'s acquisition of Envision for $46.00 per share in cash (the "Acquisition"), through

and including October 11, 2018, the date the Acquisition closed, including any and all of their

respective predecessors, successors, trustees, executors, administrators, estates, legal

representatives, heirs, assigns and transferees (the "Settlement Class").   Excluded from the

Settlement Class are (i) Defendants; (ii) members of the immediate families of each Defendant;

(iii) Envision's subsidiaries and affiliates; (iv) any entity in which any Defendant has a

controlling interest; (v) the legal representatives, heirs, successors, administrators, executors, and

assigns of each Defendant; and (vi) any Persons or entities who properly exclude themselves by

filing a valid and timely request for exclusion.

       3.     The Court finds, for the purposes of the Settlement only, that the prerequisites for

a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been

satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all

members is impracticable; (b) there are questions of law and fact common to the Settlement

Class; (c) the claims of Lead Plaintiff are typical of the claims of the Settlement Class he seeks to

represent; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent the

interests of the Settlement Class; (e) the questions of law and fact common to the Settlement

Class Members predominate over any questions affecting only individual Settlement Class

Members; and (f) a class action is superior to other available methods for the fair and efficient

adjudication of the controversy.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff is preliminarily certified as the class representative and Monteverde & Associates PC is preliminarily certified as Lead Counsel.

5.   A hearing shall be held before this Court on February 16, 2021, at 10:00 a.m. (a date that is at least 110 calendar days from the date of this Order) (the "Final Approval Hearing").  Settlement Class Members should check the Settlement Class website in advance of the Final Approval Hearing to determine whether that hearing will occur in person at the United States District Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 N King Street, Wilmington, DE 19801 or via a remote link.  At the Final Approval Hearing the Court will (a) determine whether the proposed Settlement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (b) determine whether an Order and Final Judgment as defined in ¶1.21 of the Stipulation should be entered; (c) determine whether the proposed Plan of Allocation should be approved; (d) determine the amount of attorneys' fees and expenses that should be awarded to Lead Counsel; (e) determine any award to Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(4); (f) hear any objections by Settlement Class Members to: (i) the Settlement or Plan of Allocation; (ii) certification of the Settlement Class, Lead Plaintiff, and Lead Counsel; (iii) any award to Lead Plaintiff; and/or (iv) the award of attorneys' fees and expenses to Lead Counsel; and (g) consider such other matters the Court deems appropriate.  The Court may adjourn the Final Approval Hearing without further notice to the Settlement Class Members.

6.     The Court approves the form, substance, and requirements of the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim and Release, substantially in the forms annexed hereto as Exhibits A-1 and A-2, respectively.

7.      The Court approves the form of the Summary Notice, substantially in the form annexed hereto as Exhibit A-3.

8.      The firm of Epiq (the "Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

9.      The Claims Administrator shall make reasonable efforts to identify all Settlement Class Members and not later than November 9, 2020 (a date twenty-one (21) calendar days after the Court signs and enters this Order) (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and Proof of Claim and Release, substantially in the forms annexed hereto, to be mailed by First-Class Mail to all Settlement Class Members who can be identified with reasonable effort and to be posted on its website at www.envision mergersettlement.com.

10.     Not later than November 20, 2020 (a date ten (10) calendar days after the Notice Date), Monteverde & Associates PC shall cause the Summary Notice to be published in *PRNewswire*.

11.     Not later than February 9, 2021 (a date seven (7) calendar days prior to the Final Approval Hearing), Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

12.     Nominees who held, purchased or acquired Envision common stock for the benefit of another Person during the Settlement Class Period shall be requested to send the Notice and Proof of Claim and Release to such beneficial owners of Envision common stock within fifteen (15) calendar days after receipt thereof, or, send a list of the names and addresses of such beneficial owners to the Claims Administrator within fifteen (15) calendar days of

receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and

Proof of Claim and Release to such beneficial owners.

13.     The form and content of the notice program described herein and the methods set

forth herein for notifying the Settlement Class of the Settlement and its terms and conditions, the

Fee and Expense Application, and the Plan of Allocation: (a) meet the requirements of Federal

Rule of Civil Procedure 23, the United States Constitution (including the Due Process Clause),

the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), 15 U.S.C. § 77z-

1(a)(7) (the "PSLRA"), and any other applicable law, and is the best notice practicable under the

circumstances; (b) constitutes notice that is reasonably calculated, under the circumstances, to

apprise the Settlement Class Members of the pendency of the Litigation, the effect of the

proposed Settlement (including the releases contained therein), and of their right to object to the

proposed Settlement, exclude themselves from the Settlement Class, and/or appear at the Final

Approval Hearing; and (c) constitutes due, adequate, and sufficient notice to all Persons entitled

thereto.  The date and time of the Final Approval Hearing shall be included in the Notice and

Summary Notice before they are mailed and published, respectively.  All fees, costs, and

expenses incurred in notifying Settlement Class Members shall be paid from the Settlement Fund

and in no event shall any of the Defendants or Defendants' Released Persons bear any

responsibility for such fees, costs or expenses.  All Settlement Class Members  (except Persons

who request exclusion pursuant to ¶19 below) shall be bound by all determinations and

judgments in the Litigation concerning the Settlement, including, but not limited to, the releases

provided for therein, whether favorable or unfavorable to the Settlement Class, regardless of

whether such Persons seek or obtain by any means, including, without limitation, by submitting a

Proof of Claim and Release or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

14.     Pending final determination by the Court as to whether the Settlement, as set forth in the Stipulation, is fair, reasonable and adequate and should be finally approved and whether the Order and Final Judgment dismissing the action with prejudice should be approved, neither Lead Plaintiff nor any Settlement Class Member, either directly, representatively or in any other capacity, shall assert, commence, aid or prosecute against any of the Released Claims against any of the Defendants or Defendants' Released Persons in this Litigation or in any other proceeding, arbitration, or forum.  This injunction is necessary to protect and effectuate the Settlement, this Order, and the Court's flexibility and authority to effectuate the Settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments.

15.     Settlement Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim and Release in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim and Releases must be postmarked or submitted electronically no later than <u>March 11,</u> 2021 (a date one hundred and twenty (120) calendar days from the Notice Date).  Any Settlement Class Member who fails to submit a Proof of Claim and Release within the time provided, or whose Proof of Claim and Release is otherwise not approved, shall in all other respects be bound by all of the terms of the Stipulation and the Settlement, including the terms of the Order and Final Judgment and the releases provided for therein, and will be barred from asserting any Released Claims against any of the Defendants or Defendants' Released Persons.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted claims for

processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.  No person shall have any claim against Lead Plaintiff, Lead Counsel or the Claims Administrator by reason of the decision to exercise or not exercise such discretion.

16.     The Proof of Claim and Release submitted by each Settlement Class Member must, unless otherwise ordered by the Court: (i) be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (ii) be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation deemed adequate by Lead Counsel or the Claims Administrator; (iii) include in the Proof of Claim and Release a certification of current authority to act on behalf of the Settlement Class Member if the person executing the Proof of Claim and Release is acting in a representative capacity; (iv) be complete and contain no material deletions or modifications of any of the printed matter contained therein; and (v) be signed under penalty of perjury.

17.     By submitting a Proof of Claim, a Settlement Class Member will be deemed to have submitted to the jurisdiction of this Court with respect to the Settlement Class Member's claim, including, but not limited to, all releases provided for in the Stipulation and in the Order and Final Judgment.

18.     Any Settlement Class Member may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

19.     Any Person falling within the definition of the Settlement Class may, upon request, be excluded or "opt out" from the Settlement Class.  Any such Person must submit to

the Claims Administrator a request for exclusion ("Request for Exclusion"), by First-Class Mail such that it is received no later than <u>January 25</u>, 2021 (a date twenty-one (21) calendar days before the Final Approval Hearing).  A Request for Exclusion must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the number of shares of Envision common stock held, purchased, acquired or sold during the Settlement Class Period and the dates held during the Settlement Class Period; and (c) that the Person wishes to be excluded from the Settlement Class.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

20.    Lead Counsel shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion and a list of all Settlement Class Members who have requested exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible and in any event no later than <u>January 29</u>, 2021 (a date seventeen (17) calendar days prior to the Final Approval Hearing).

21.    Any  Settlement Class Member may appear and object if he, she, or it has any reason why the proposed Settlement of the Litigation should not be approved as fair, reasonable and adequate, or why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, why the requested attorneys' fees and expenses should not be awarded to Lead Counsel, or why any award should not be approved for Lead Plaintiff; provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Order and Final Judgment to be entered thereon approving the same, or the order approving the

Plan of Allocation, any attorneys' fees and expenses to be awarded to Lead Counsel, or any award to Lead Plaintiff, unless written objections and copies of any papers and briefs are received via mail and in electronic format by Monteverde & Associates PC, Juan E. Monteverde, The Empire State Building, 350 Fifth Avenue, Suite 4405, New York, New York 10118, Email: jmonteverde@monteverdelaw.com; Simpson Thacher & Bartlett LLP, Peter E. Kazanoff, 425 Lexington Avenue, New York, New York 10017, Email: pkazanoff@stblaw.com; and Wachtell, Lipton, Rosen & Katz, Rachelle Silverberg, 51 W. 52nd Street, New York, New York 10019, Email: RSilverberg@WLRK.com, no later than January 25, 2021 (a date twenty-one (21) calendar days before the Final Approval Hearing) and said objections, papers and briefs are filed with the Clerk of the United States District Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 N King Street, Wilmington, DE 19801, no later than February 9, 2021. Any such objection must: (a) indicate the objector's name, address, and telephone number; (b) specify the reason(s) for the objection; (c) identify the date(s), price(s), and number(s) of shares of Envision common stock held, purchased, acquired or sold during the Settlement Class Period by the objector; (d) provide documents demonstrating such holding(s), purchase(s), acquisition(s) and/or sale(s); and (e) be signed by the objector.  Any Member of the Settlement Class who does not make his, her, or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, to the award of attorneys' fees and expenses to Lead Counsel, and to any award to Lead Plaintiff, unless otherwise ordered by the Court.  Attendance at the Final Approval Hearing is not necessary.  However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an

award of attorneys' fees and expenses are required to indicate in their written objection their intention to appear at the hearing. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval of the Settlement.

22.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23.     All papers in support of the Settlement, Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses and payment of time and expenses to Lead Plaintiff shall be filed and served no later than January 12, 2021 (a date thirty-five (35) calendar days prior to the Final Approval Hearing) and any reply papers shall be filed and served no later than February 9, 2021 (a date seven (7) calendar days prior to the Final Approval Hearing).

24.     Defendants' Released Persons shall have no responsibility for the Plan of Allocation, any application for attorneys' fees and expenses submitted by Lead Counsel, or any award to Lead Plaintiff, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

25.     At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and whether any application for attorneys' fees and expenses, should be approved.

26.     All reasonable expenses incurred in identifying and notifying Settlement Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation. In the event the Court does not approve the Settlement, or it otherwise fails to

become effective, neither Lead Plaintiff nor any of their counsel, including Plaintiff's Counsel, shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶2.7 of the Stipulation.

27.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations, discussions, proceedings connected with it, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement may be construed as an admission, concession, or presumption by or against any of the Defendants or Defendants' Released Persons of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind; or as a waiver by any of the Parties of any arguments, defenses, or claims he, she, or it may have in the event the Stipulation is terminated; or offered or received in evidence, or otherwise used by any person in the Litigation, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, except in connection with any proceeding to enforce the terms of the Stipulation.  The Defendants, Defendants' Released Persons, Lead Plaintiff, Settlement Class Members, and each of their counsel may file the Stipulation and/or the Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

28.     All proceedings in the Litigation are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.  Pending final determination of whether the Settlement should be approved, neither Lead Plaintiff nor any Settlement Class Member, either directly, representatively, or in any other

capacity shall commence or prosecute any of the Released Claims against any of the Defendants or Defendants' Released Persons in any action or proceeding in any court or tribunal.

29.     The Court reserves the right to alter the time or the date of the Final Approval Hearing without further notice to the Settlement Class Members, provided that the time or the date of the Final Approval Hearing shall not be set at a time or date earlier than the time and date set forth in ¶5 above, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

30.     If the Settlement fails to become effective as defined in the Stipulation or is terminated, then, in any such event, the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Order shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Settling Parties, and they shall be deemed to have reverted to their respective positions in the Litigation as of July 27, 2020.

IT IS SO ORDERED.

DATED: 10/16/20

THE HONORABLE RICHARD G. ANDREWS
UNITED STATES DISTRICT JUDGE

# EXHIBIT A-1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE ENVISION HEALTHCARE CORP.<br><br>This Document Relates to: ALL ACTIONS | Case No. 1:18-cv-01068-RGA-SRF<br><br>CLASS ACTION<br><br>CONSOLIDATED STOCKHOLDER LITIGATION |

<u>**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**</u>

**TO:    ALL RECORD HOLDERS AND ALL BENEFICIAL HOLDERS OF ENVISION HEALTHCARE CORPORATION ("ENVISION" OR THE "COMPANY") COMMON STOCK WHO PURCHASED, SOLD OR HELD SUCH STOCK DURING THE PERIOD FROM AND INCLUDING AUGUST 10, 2018, THE RECORD DATE FOR VOTING ON ENTERPRISE PARENT HOLDINGS INC.'S ACQUISITION OF ENVISION FOR $46.00 PER SHARE IN CASH (THE "ACQUISITION"), THROUGH AND INCLUDING OCTOBER 11, 2018, THE DATE THE ACQUISITION CLOSED, INCLUDING ANY AND ALL OF THEIR RESPECTIVE PREDECESSORS, SUCCESSORS, TRUSTEES, EXECUTORS, ADMINISTRATORS, ESTATES, LEGAL REPRESENTATIVES, HEIRS, ASSIGNS AND TRANSFEREES (THE "SETTLEMENT CLASS")**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION.  PLEASE NOTE THAT IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE [INSERT DATE].**

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Delaware (the "Court").  The purpose of this Notice is to inform you of the proposed settlement of the above-captioned Litigation (the "Settlement") and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, final certification of the Settlement Class, Lead Plaintiff, and Lead Counsel, the proposed Plan of Allocation of the settlement proceeds, and Lead Counsel's application for attorneys' fees and expenses.  This Notice describes the rights you may have as a Settlement Class Member and what steps you may take in relation to the Settlement and this Litigation, or, alternatively, what steps you must take if you wish to be excluded from the Settlement Class and this Litigation.[1]

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM** | The only way to receive a payment.  Proofs of Claim must be postmarked or submitted online on or before [Insert Date]. |
| **EXCLUDE YOURSELF** | Receive no payment.  This is the only option that allows you to ever bring a lawsuit against Defendants concerning the legal claims at issue in this case. Exclusions must be received no later than [Insert Date]. |
| **OBJECT** | Write to Lead Counsel, Defendants Counsel, and the Court about why you oppose the Settlement, the Plan of Allocation, the request for Plaintiff's Counsel's attorneys' fees, and/or the expenses of Lead Plaintiff.  You will still be a Member of the Settlement Class. Objections must be received by the Court and counsel on or before [Insert Date]. |

---

[1]     All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement, which, along with other important documents, is available on the Settlement website, www.envisionmergersettlement.com.

| GO TO A HEARING | Ask to speak in Court about the fairness of the Settlement.  Requests to speak must be received by the Court and counsel on or before [Insert Date].  You are not required to attend the hearing. |
| DO NOTHING | Receive no payment from the Settlement. Members of the Settlement Class who do nothing remain bound by the terms of the Settlement. |

## SUMMARY OF THIS NOTICE

**Statement of Settlement Class Recovery**

Pursuant to the Settlement described herein, the Settlement Amount is $17.4 million.  A Settlement Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that Claimant's claim as compared to the total claims of all Settlement Class Members who submit acceptable Proofs of Claim.  An individual Settlement Class Member may receive more or less than the estimated average amount provided below depending on the number of claims submitted.  *See* Plan of Allocation as set forth at pages 11 below for more information on your claim.

**Statement of Potential Outcome of Litigation**

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages per Envision common stock that would be recoverable if the Settlement Class prevailed on each claim alleged.  The Defendants deny that they are liable to the Settlement Class and deny that the Settlement Class has suffered any damages.

**Reasons for the Settlement**

The principal reason for the Settlement is the benefit to be provided to the Class now. This benefit must be compared to the risk that no recovery might be achieved after a contested trial and likely appeals, possibly years into the future.

**Statement of Attorneys' Fees and Expenses Sought**

Lead Counsel have not received any payment for their services in conducting this Litigation on behalf of the Settlement Class, nor have they been paid for their litigation expenses. If the Settlement is approved by the Court, Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed one-third of the Settlement Fund, plus expenses not to exceed $60,000 in connection with the Litigation. Since the Litigation's inception in July 2018, Lead Counsel have expended considerable amount of time and effort in the prosecution of this Litigation on a contingent fee basis and advanced the expenses of the Litigation in the expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery. In this type of litigation it is customary for counsel to be awarded a percentage of the common fund recovery as their attorneys' fees. In addition, Lead Plaintiff has expended time and resources in this Litigation. Accordingly, and as part of Lead Counsel's application for an award of fees and expenses, Lead Plaintiff may seek up to $10,000  in accordance with 15 U.S.C. §78u-4(a)(4) for his time and expenses in connection with his representation of the Class. The requested fees amount to less $0.05 per damaged share, but the average cost per damaged share will vary depending on the number of valid and timely Proofs of Claim submitted.

**Further Information**

For further information regarding the Litigation, this Notice or to review the Stipulation, please visit the website: www.envisionmergersettlement.com or contact the Claims Administrator toll-free at 1-888-905-0951
You may also contact Lead Counsel: Juan E. Monteverde, Monteverde & Associates PC, The Empire State Building, 350 Fifth Avenue, Suite 4405, New York, New York 10118, Tel.: (212) 971-1341, www.monteverdelaw.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

2

## BASIC INFORMATION

| **1.   Why did I get this Notice package?** |
| --- |

You or someone in your family may have purchased, sold or held Envision common stock during the time period from and including August 10, 2018 and through and including October 11, 2018 ("Settlement Class Period").

The Court directed that this Notice be sent to Settlement Class Members because they have a right to know about the proposed Settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.

This Notice explains the class action lawsuit, the Settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Litigation is the United States District Court for the District of Delaware, and the case is known as *In Re Envision Healthcare Corp.*, Civil No. 18-cv-01068-RGA.  The case has been assigned to the Honorable Richard G. Andrews.  Jon Barrett has been appointed by the Court as lead plaintiff (referred to as "Lead Plaintiff" in this Notice), and the parties who were sued and who have now settled are called the "Defendants."

| **2.   What is this lawsuit about?** |
| --- |

On June 10, 2018, Envision issued a press release announcing that Enterprise Parent Holdings Inc. had agreed to acquire Envision for $46.00 per share in cash (the "Acquisition").  On July 9, 2018, Envision filed with the U.S. Securities and Exchange Commission (the "SEC") a Preliminary Proxy Statement on Schedule 14A.  On August 13, 2018, Envision filed with the SEC a Definitive Proxy Statement on Schedule 14A (the "Proxy").  On September 6, 2018, Envision issued supplemental disclosures to the Proxy. On September 11, 2018, Envision shareholders voted to approve the Acquisition and the Acquisition closed on October 11, 2018.

Lead Plaintiff filed this action on August 9, 2018.  On October 29, 2018, Lead Plaintiff moved for consolidation of *White v. Envision Healthcare Corporation, et al.*, Case No. 1:18-cv-01068, filed in the District of Delaware, and *Barrett v. Envision Healthcare Corporation, et. al.*, Case No. 1:18-cv-01219, filed in the District of Delaware.  Jon Barrett further sought appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), and sought approval of his selection of Monteverde & Associates, PC as Lead Counsel and Cooch and Taylor, P.A. as Liaison Counsel.  On November 5, 2018, the Court granted Lead Plaintiff Jon Barrett's motion for consolidation, appointment as lead plaintiff, and approval of selection of lead counsel.

On December 13, 2018, Lead Plaintiff filed an Amended Class Action Complaint for Violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Amended Complaint").  Defendants filed a Motion to Dismiss on February 11, 2019 (the "Motion to Dismiss").  The Court referred the Motion to Dismiss to Magistrate Judge Sherry R. Fallon, who heard argument on July 29, 2019.  On August 1, 2019, Magistrate Judge Fallon issued a Report and Recommendation denying the Motion to Dismiss.  Defendants filed Objections to Magistrate Judge Fallon's Report and Recommendation on August 15, 2019, and Lead Plaintiff filed his response on September 16, 2019.  On September 19, 2019, the Court overruled the Defendants' Objections and adopted the Report and Recommendation.  Defendants answered the Amended Complaint on November 7, 2019.

On November 26, 2019, the Court held a scheduling conference and entered a scheduling order on December 4, 2019, setting a schedule for the case with a jury trial to begin on October 4, 2021.

On December 3, 2019, Lead Plaintiff propounded discovery requests to the Defendants and Defendants propounded discovery requests to Lead Plaintiff on December 13, 2019.

On January 28, 2020, Lead Plaintiff issued discovery subpoenas to financial advisors involved in the Acquisition.

On January 15, 2020, Lead Plaintiff produced his documents. Between January 15, 2020 and May 29, 2020, Defendants produced 184,035 pages of documents. The financial advisors produced more than 450,000 pages of documents.

On February 28, 2020, Lead Plaintiff made an offer to settle the Action. Arm's length negotiations took place over the next five months.

On April 13, 2020, Lead Plaintiff moved for Class Certification.

On May 7, 2020, the Court entered an amended scheduling order for the case.

On July 27, 2020, the Parties mediated the Action before Michelle Yoshida of Phillips ADR and reached agreement on the material terms of a settlement. On July 30, 2020, Lead Plaintiff filed a "Notice of Settlement" with the Court, stating that "the parties have reached a settlement in principle in the Action."

Each of the Defendants have denied and continue to deny any wrongdoing by or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Litigation. Defendants expressly deny that Lead Plaintiff has asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever and maintain that their conduct was at all times proper and in compliance with all applicable provisions of law. In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation.

| **3.   Why is this a class action?** |
|---|

In a class action, one or more people called a plaintiff sues on behalf of people who have similar claims. All of the people with similar claims are referred to as a class or class members. One court resolves the issues for all class members, except for those class members who exclude themselves from the class.

| **4.   Why is there a settlement?** |
|---|

The Court has not decided in favor of the Defendants or the Settlement Class. Instead, both sides agreed to the Settlement to avoid the costs and risks of further litigation, including trial and post-trial appeals. Lead Plaintiff agreed to the Settlement because Lead Plaintiff (advised by Lead Counsel) considered the Settlement amount to be a favorable recovery compared to the risk-adjusted possibility of recovery after trial and any appeals, in light of Defendants' legal argument that the statements at issue were not actionable at all by the Settlement Class, and its factual arguments that Defendants believed the Company was complying with all applicable laws, and that the Settlement Class had not sustained any damages. Lead Plaintiff and Lead Counsel believe the Settlement is in the best interest of all Settlement Class Members in light of the real possibility that continued litigation could result in no recovery at all.

### WHO IS IN THE SETTLEMENT?

To see if you will get money from this Settlement, you first must be a Settlement Class Member.

| **5.   How do I know if I am part of the Settlement?** |
|---|

The Court directed that everyone who fits this description is a Settlement Class Member: all record holders and all beneficial holders of Envision common stock who purchased, sold or held such stock during the period from and including August 10, 2018, the record date for the Acquisition, through and including October 11, 2018, the date the Acquisition closed, including any and all of their respective predecessors, successors, trustees, executors, administrators, estates, legal representatives, heirs, assigns and transferees. Under the Plan of Allocation proposed by Plaintiff's Counsel and described below, only Settlement Class Members who were holders of record of Envision common stock at the close of business on August 10, 2018, and were thus holders of record entitled to vote on the Merger, and who submit a valid Proof of Claim to the Claims Administrator, may share in the recovery. Certain persons are excluded from the Settlement Class, as described below.

| **6.   Are there exceptions to being included?** |
|---|

Excluded from the Settlement Class are (i) Defendants; (ii) members of the immediate families of each Defendant; (iii) Envision's subsidiaries and affiliates; (iv) any entity in which any Defendant has a controlling interest; (v) the legal representatives, heirs, successors, administrators, executors, and assigns of each Defendant; and (vi) any Persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.

| **7.   What if I am still not sure if I am included?** |
|---|

If you are still not sure whether you are included, you can ask for free help.  You can contact the Claims Administrator toll-free at 1-888-905-0951 or visit the Settlement website www.envisionmergersettlement.com, or you can fill out and return the Proof of Claim enclosed with this Notice package, to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| **8.   What does the Settlement provide?** |
|---|

In exchange for the Settlement and the release of the Released Claims (defined below) as well as dismissal of the Litigation, Defendants have agreed that a payment of $17.4 million will be made by Defendants (or on their behalf) to be distributed, after taxes, fees, and expenses, among all Authorized Claimants.

| **9.   How much will my payment be?** |
|---|

Pursuant to the Settlement described herein, the Settlement Amount is $17,400,000. Under the Plan of Allocation proposed by Plaintiff's Counsel, only Settlement Class Members who were holders of record of Envision common stock at the close of business on August 10, 2018, and were thus holders of record entitled to vote on the Merger, and who submit a valid Proof of Claim to the Claims Administrator, may share in the recovery, pro rata with their stock holdings (the proposed "Plan of Allocation"). Your actual recovery will be a proportion of the Net Settlement Fund determined by your claim as compared to the total claims of all eligible Settlement Class Members who submit acceptable Proofs of Claim. You may receive more or less than the estimated average amount provided below depending on the number of claims submitted. Lead Plaintiff estimates that approximately 120 million shares of Envision common stock are in the Settlement Class. Assuming 100% of the shares in the Settlement Class submit a valid proof of claim the average distribution will be approximately $0.14 per share, before payment of expenses of notice and administration of the Settlement, Taxes and Tax Expenses, and such attorneys' fees, and expenses (including time and expenses awarded by the Court to Lead Plaintiff) described in Question 17 below (estimated to be less than $0.05 per share), and interest as may be awarded by the Court (the "Net Settlement Fund"). Historically, less than all eligible investors submit claims, resulting in higher average distributions per share.

The Net Settlement Fund will be distributed to Settlement Class Members who submit valid, timely Proof of Claim forms ("Claimants") on a pro rata basis. However, no distributions will be made to Claimants who would otherwise receive a distribution of less than $10.00.

Defendants expressly deny that any damages were suffered by Lead Plaintiff or the Settlement Class.

Payments shall be conclusive against all Claimants.  No Person shall have any claim against Plaintiff's Counsel, Lead Counsel, Lead Plaintiff, the Claims Administrator, Defendants and Defendants' Released Persons, or any Person designated by Lead Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, or further order(s) of the Court.  No Settlement Class Member shall have any claim against Defendants for any Released Claims.  All Settlement Class Members who fail to complete and file a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

---

### 10. How can I receive a payment?

---

To qualify for a payment, you must submit a Proof of Claim.  A Proof of Claim is enclosed with this Notice or it may be downloaded at www.envisionmergersettlement.com.  Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and return it so that it is postmarked, if mailed, or received, if submitted online, no later than _____, 2021.  Pursuant to its directions, The Proof of Claim may also be submitted online at www.envisionmergersettlement.com.

---

### 11. When would I receive my payment?

---

The Court will hold a Final Approval Hearing on _____, 2021, to decide whether to approve the Settlement. Settlement Class Members should check the Settlement Class website in advance of the Final Approval Hearing to determine whether that hearing will occur in person or via a remote link.  If the Court approves the Settlement, there might be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  It also takes time for all the Proofs of Claim to be processed.  Please be patient.

---

### 12. What am I giving up to receive a payment or to stay in the Settlement Class?

---

Unless you timely and validly exclude yourself, you are staying in the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against Defendants' Released Persons about the Released Claims in this case. It also means that all of the Court's orders will apply to you and legally bind you and you will release your claims in this case against Defendants' Released Persons. The terms of the release are included in the enclosed Proof of Claim form and are also set forth below:

- "Plaintiff's Released Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities, whether known or unknown, contingent or non-contingent, or suspected or unsuspected, including all claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants, except for claims relating to the enforcement of this Settlement.

- "Released Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities, whether known or unknown, contingent or non-contingent, derivative or direct, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, that have been asserted, could have been asserted, or could be asserted in the future against defendant Envision, the Individual Defendants (consisting of William A. Sanger, Christopher A. Holden, James D. Shelton, Michael L. Smith, Leonard M. Riggs, Carol J. Burt, Cynthia S. Miller, Kevin P. Lavender, Joey A. Jacobs, Steven I. Geringer, John T. Gawaluck, and James A. Deal) (all defendants referenced above are collectively referred to herein as "Defendants"), Enterprise Parent Holdings Inc., Enterprise Merger Sub Inc., and Kohlberg Kravis Roberts & Co. L.P., and any and all of their related parties, including, without limitation, any and all of their current or former parents, subsidiaries, predecessors, successors, divisions, investment funds, joint ventures and general or limited partnerships, and each their respective current or former officers, directors, trustees, partners, members, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, investment bankers, underwriters, insurers in their capacities as such, as well as each of the Individual Defendants' immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns (collectively, "Defendants' Released Persons"), that arise out of or relate in any way to: (i) the Action, including the claims in the Action and any acts, facts, events, disclosures, or omissions alleged or referenced therein; (ii) any duties, fiduciary or otherwise, of Defendants' Released Persons arising from or related to the Acquisition; (iii) the common stock of Envision arising from or related to the Acquisition; or (iv) any other claims concerning the Acquisition. Notwithstanding the aforementioned, the following claims are explicitly excluded: all claims (1)

currently asserted in the litigation captioned *In re Envision Healthcare Corporation Securities Litigation*, No. 3:17-cv-01112 (M.D. Tenn.); (2) related to the enforcement of this Settlement; and (3) between Defendants' Released Persons and their respective insurers.

- "Unknown Claims" means (i) any of the Plaintiff's Released Claims which Lead Plaintiff or any Settlement Class Member, or any of their agents or attorneys, does not know or suspect to exist in such Person's favor at the time of the release of the Plaintiff's Released Claims, and (ii) any of the Released Claims that the Defendants' Released Persons do not know or suspect to exist in his, her or its favor at the time of the release of the Released Claims, which, in the case of both (i) and (ii), if known by such Person, might have affected such Person's decision with respect to this Settlement, including, without limitation, such Person's decision not to object to this Settlement or not to exclude himself, herself or itself from the Settlement Class. Unknown Claims include those Plaintiff's Released Claims and Released Claims in which some or all of the facts comprising the claim may be suspected, or even undisclosed or hidden. With respect to any and all Plaintiff's Released Claims and Released Claims, upon the Effective Date, Lead Plaintiff and Defendants shall expressly, and each of the Settlement Class Members and Defendants' Released Persons shall be deemed to have, and by operation of the Order and Final Judgment shall have, expressly waived to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code § 1542, which provides:

  > A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

- Lead Plaintiff and Defendants shall expressly, and each of the Settlement Class Members and Defendants' Released Persons shall be deemed to have, and by operation of the Order and Final Judgment, shall have expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542. Lead Plaintiff, Settlement Class Members, and the Defendants' Released Persons may hereafter discover facts in addition to or different from those which such party now knows or believes to be true with respect to the subject matter of Plaintiff's Released Claims and the Released Claims, but Lead Plaintiff and Defendants shall expressly, and each Settlement Class Member and Defendants' Released Persons, upon the Effective Date, shall be deemed to have, and by operation of the Order and Final Judgment shall have fully, finally, and forever settled and released any and all Plaintiff's Released Claims or Released Claims, as the case may be, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, whether or not previously or currently asserted in any action. Lead Plaintiff and Defendants acknowledge, and the Settlement Class Members and Defendants' Released Persons, shall be deemed by operation of the Order and Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

You can maintain your own lawsuit only if you exclude yourself from the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

If you do not want a payment from this Settlement, and you want to keep the right to sue the Defendants and Defendants' Released Persons, on your own, about the legal issues in this Litigation, then you must take steps to remove yourself from the Settlement. This is called excluding yourself.

**13. How do I get out of the Proposed Settlement?**

To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from the Settlement Class in In Re Envision Healthcare Corp., Civil No. 18-cv-01068-RGA. You must provide the following information: (a) name; (b) address; (c) telephone number; (d) amount of Envision common stock held during the period from and including August 10, 2018 through and including October 11, 2018; and (e) a statement that you wish to be excluded from the Settlement Class. You must mail your exclusion request postmarked no later than _____ to:

*Envision Healthcare Corp. Merger Litigation*
*c/o EPIQ*
*PO Box 4717*
*Portland, OR 97208-4717*

You cannot exclude yourself on the phone or by e-mail. If you ask to be excluded, you will not receive any settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this Litigation.

---

**14.** **If I do not exclude myself, can I sue the Defendants and the other Defendants' Released Persons for the same thing later?**

---

No.  Unless you exclude yourself, you give up any rights to sue the Defendants and the other Defendants' Released Persons for any and all Released Claims.  If you have a pending lawsuit against the Defendants' Released Persons regarding any Released Claims, speak to your lawyer in that case immediately. You must exclude yourself from this Litigation to continue your own lawsuit.  Remember, the exclusion deadline is _____, 2021.

---

**15.** **If I exclude myself, can I get money from the proposed Settlement?**

---

No.  If you exclude yourself, you may not send in a Proof of Claim to ask for any money.

**THE LAWYERS REPRESENTING YOU**

---

**16.** **Do I have a lawyer in this case?**

---

Yes. The Court appointed Monteverde & Associates PC to lead the litigation, which the Lead Plaintiff brought on behalf of himself and all other Settlement Class Members. These lawyers are called Lead Counsel. You will not be charged directly for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

---

**17.** **How will the lawyers be paid?**

---

In the three years that this Action has been pending, Lead Counsel have not been paid for their services on behalf of Lead Plaintiff and the Settlement Class, nor for their substantial expenses. The fee requested is to compensate Lead Counsel for their work investigating the facts, litigating the case over the past two years, and negotiating the Settlement.

Lead Counsel will request the Court to award attorneys' fees not to exceed one-third of the Settlement Amount, plus expenses not to exceed $60,000 in connection with the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund. Such sums as may be approved by the Court will be paid from the Settlement Fund.

**OBJECTING TO THE SETTLEMENT**

You can tell the Court that you do not agree with the Settlement or any part of it.

8

| **18.** **How do I tell the Court that I object to the proposed Settlement?** |
| --- |

If you are a Settlement Class Member, you can write to the Court to object to the proposed Settlement, the proposed Plan of Allocation, Lead Counsel's fee and expense application, and/or Lead Plaintiff's time and expense request. The Court will consider your views.  To object, you must send a signed letter saying that you object to the proposed Settlement, the proposed Plan of Allocation, the application for fees and expenses, or Lead Plaintiff's time and expense request in the *Envision Securities Litigation*, and the reasons you object.  You must include your name, address, telephone number, and your signature.  You must identify the date(s), price(s), and number(s) of shares of Envision common stock you held, purchased, acquired or sold during the Settlement Class Period, and state the reasons why you object.  You must also include copies of documents demonstrating such holding(s), purchase(s), acquisition(s) and/or sale(s).  Your objection must be filed with the Court and mailed or delivered and emailed to each of the following addresses such that it is received no later than [INSERT DATE]:

| **COURT** | **LEAD COUNSEL** | **DEFENDANTS' COUNSEL REPRESENTATIVE** |
| --- | --- | --- |
| Clerk of the Court<br>United Stated District Court<br>District of Delaware<br>J. Caleb Boggs Federal Building,<br>844 N King Street, Wilmington, DE 19801 | Juan E. Monteverde<br>Monteverde & Associates PC<br>The Empire State Building<br>350 Fifth Avenue, Suite 4405<br>New York, New York 10118<br>jmonteverde@monteverdelaw.com | Peter E. Kazanoff<br>Simpson Thacher & Bartlett LLP<br>425 Lexington Avenue<br>New York, New York 10017<br>pkazanoff@stblaw.com<br><br>Rachelle Silverberg<br>Wachtell, Lipton, Rosen & Katz<br>51 W. 52nd Street<br>New York, New York 10019<br>RSilverberg@WLRK.com |

| **19.** **The difference between objecting and excluding myself?** |
| --- |

Objecting is simply telling the Court that you do not like something about the proposed Settlement, the Plan of Allocation, the award of fees and expenses to Lead Counsel, or any award to Lead Plaintiff.  You can object only if you stay in the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend and you may ask to speak, but you do not have to.

| **20.** **When and where will the Court decide whether to approve the proposed Settlement?** |
| --- |

The Court will hold a Final Approval Hearing at__: _____ __.m., on _____ day, _____, 2021.  Settlement Class Members should check the Settlement Class website in advance of the Final Approval Hearing to determine whether that hearing will occur in person at the United States District Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 N King Street, Wilmington, DE 19801 or via a remote link.  At the hearing the Court will consider whether the Settlement and proposed Plan of Allocation are fair, reasonable, and adequate, the final certification of the Settlement Class, Lead Plaintiff, and Lead Counsel, and whether the award of fees and expenses to Lead Counsel, or any award to Lead Plaintiff should be granted.  If there are objections, the Court will consider them.  The Court will listen to people who have asked to speak at the hearing.  After the Final Approval Hearing, the Court will decide whether to approve the Settlement, the Plan of Allocation, the award of fees and expenses to Lead Counsel, and any award to Lead Plaintiff.  We do not know how long these decisions will take.  The Court may change

the date and time of the Final Approval Hearing without another notice being sent to Settlement Members. If you want to attend the hearing, you may wish to check with Lead Counsel or the Settlement website beforehand to be sure that the date and/or time has not changed.

| **21. Do I have to come to the hearing?** |
| --- |

No. Lead Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection or statement in support of the Settlement, you are not required to come to Court to discuss it. As long as you mailed your objection on time, the Court will consider it. You may also pay your own lawyer to attend, but you are not required to do so. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| **22. May I peak at the hearing?** |
| --- |

If you object to the Settlement, the Plan of Allocation, the award of fees and expenses to Lead Counsel, or any award to Lead Plaintiff, you may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must include with your objection (see Question 18 above) a statement saying that it is your "Notice of Intention to Appear in the *Envision Securities Litigation*." Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Lead Counsel (including any award to Lead Plaintiff for his representation of the Settlement Class) and desire to present evidence at the Final Approval Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Final Approval Hearing.

You cannot speak at the hearing if you exclude yourself.

## IF YOU DO NOTHING

| **23. What happens if I do nothing at all?** |
| --- |

If you do nothing, you will get no money from this Settlement. But, unless you exclude yourself, you will not be able to start a lawsuit or be part of any other lawsuit against the Defendants or any other Defendants' Released Persons about the issues raised in this case ever again.

## GETTING MORE INFORMATION

| **24. Are there more details about the proposed Settlement?** |
| --- |

This Notice summarizes the proposed Settlement. More details are in a Stipulation of Settlement dated October 14, 2020 (the "Stipulation"). You can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-888-905-0951. A copy of the Stipulation and other relevant documents are also available on the Settlement website at www.envisionmergersettlement.com.

| **25. How do I get more information?** |
| --- |

For more information, you can visit www.envisionmergersettlement.com or call toll-free 1-888-905-0951. You can also contact the attorneys for Lead Plaintiff, listed below:

Juan E. Monteverde
Monteverde & Associates PC
The Empire State Building
350 5th Ave, Suite 4405
New York, NY 10118
(212) 971-1341

**PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG SETTLEMENT CLASS MEMBERS**

Plaintiff's Counsel have proposed a plan of allocation described below in Question 26, which will be submitted for the Court's approval.  The Net Settlement Fund (the Settlement Amount plus interest less taxes, tax expenses, Notice and Administration Costs, attorneys' fees and expenses, and Lead Plaintiff's time and expense payment) will be distributed to Settlement Class Members who, in accordance with the terms of the Stipulation, are entitled to a distribution from the Net Settlement Fund pursuant to any plan of allocation or any order of the Court and who submit a valid and timely Proof of Claim under the Plan of Allocation described below.

| **26. How will by claim be calculated?** |
| --- |

As stated above, the Settlement Amount is $17,400,000. Under the Plan of Allocation proposed by Plaintiff's Counsel, only Settlement Class Members who were holders of record of Envision common stock at the close of business on August 10, 2018, and were thus holders of record entitled to vote on the Merger, and who submit a valid Proof of Claim to the Claims Administrator, may share in the recovery, pro rata with their stock holdings (the proposed "Plan of Allocation"). Your actual recovery will be a proportion of the Net Settlement Fund determined by your claim as compared to the total claims of all eligible Settlement Class Members who submit acceptable Proofs of Claim. You may receive more or less than the estimated average amount provided below depending on the number of claims submitted.  The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class. Any order modifying the Plan of Allocation will be posted on the Settlement website, www.envisionmergersettlement.com

At the record date for the Merger, August 10, 2018, 121,391,673 shares of Envision common stock were outstanding and entitled to vote. Directors and officers of Envision owned 1,177,250 of those shares, leaving the Settlement Class with 120,214,423 shares at the time of the Merger.  Assuming that all of the shares outstanding at the time of the Merger participate in this Settlement, Lead Plaintiff's counsel estimates that the average distribution will be approximately $0.14 per share of Envision common stock before the deduction of Court-approved fees and expenses, as described in Question 17 below (estimated to be less than $0.05 per share), and the cost of notice and claims administration. Historically, less than all eligible investors submit claims, resulting in higher average distributions per share. The Net Settlement Fund will be distributed to Settlement Class Members who submit valid, timely Proof of Claim forms ("Claimants") on a pro rata basis. However, no distributions will be made to Claimants who would otherwise receive a distribution of less than $10.00.

Payments shall be conclusive against all Authorized Claimants. No Person shall have any claim against Lead Counsel, Lead Plaintiff, the Claims Administrator, Defendants' Released Persons, or any Person designated by Lead Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, or further order(s) of the Court. No Settlement Class Member shall have any claim against Defendants' Released Persons for any Released Claims. All Settlement Class Members who fail to complete and submit a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

**<u>SPECIAL NOTICE TO NOMINEES</u>**

The Court has ordered that if you held any Envision common stock at any point in time from August 10, 2018 through October 11, 2018 as nominee for a beneficial owner, then, within fifteen (15) calendar days after you receive this Notice, you must either: (1) send a copy of this Notice by first class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

*Envision Healthcare Corp. Merger Litigation*
*c/o EPIQ*
*PO Box 4717*
*Portland, OR 97208-4717*

If you choose to mail the Notice and Proof of Claim and Release yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.

### DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE

DATED: _____          BY ORDER OF THE COURT
                                        UNITED STATES DISTRICT COURT
                                        DISTRICT OF DELAWARE

# EXHIBIT A-2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| IN RE ENVISION HEALTHCARE CORP.<br><br>This Document Relates to: ALL ACTIONS | Case No. 1:18-cv-01068-RGA-SRF<br><br>CLASS ACTION<br><br>CONSOLIDATED STOCKHOLDER LITIGATION |

## <u>PROOF OF CLAIM AND RELEASE</u>

### I.      GENERAL INSTRUCTIONS

1.      To recover as a Member of the Class based on your claims in the action entitled *In re Envision Healthcare Corp.*, No. 18-1068-RGA-SRF (the "Litigation"), you must complete and, on page 3 hereof, sign this Proof of Claim and Release. If you fail to submit a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, postmarked or received by the date shown below, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Litigation.

2.      Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of the Settlement.

3.      YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER  THAN _____ ___, ____  TO THE COURT-APPOINTED CLAIMS ADMINISTRATOR IN THIS CASE, AT THE FOLLOWING ADDRESS:

*Envision Healthcare Corp. Merger Litigation*
*c/o EPIQ*
*PO Box 4717*
*Portland, OR 97208-4717*
Online Submissions: www.envisionmergersettlement.com

If you are NOT a Member of the Class (as defined in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice")), DO NOT submit a Proof of Claim and Release.

4.      If you are a Member of the Class and you do not timely request exclusion in connection with the proposed Settlement, you will be bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE.

## II.    CLAIMANT IDENTIFICATION

Pursuant to the Plan of Allocation proposed by Plaintiff's Counsel, only Class Members who were holders of record of Envision Healthcare Corporation ("Envision") common stock at the close of business on August 10, 2018 and who submit a valid Proof of Claim and Release to the Claims Administrator may share in the recovery.

If you purchased, sold, or held Envision common stock during the period from and including August 10, 2018, through and including October 11, 2018 (the "Settlement Class Period"), and held the shares in your name, you are both the beneficial holder, purchaser or acquirer of the stock and the record holder, purchaser or acquirer of the stock. If, however, you held, purchased or acquired Envision common stock during the Settlement Class Period and the shares were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial holder, purchaser or acquirer of the stock, but not the record holder, purchaser or acquirer of the stock. The third party is the record holder, purchaser or acquirer of the stock.

Use Part I of this form entitled "Claimant Identification" to identify each holder, purchaser or acquirer of record ("nominee"), if different from the beneficial holder, purchaser or acquirer of the common stock which form the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL HOLDER(S), PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH HOLDER(S), PURCHASER(S) OR ACQUIRER(S) OF THE ENVISION COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint holders, purchasers or acquirers must sign this claim. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

If you are acting in a representative capacity on behalf of a Settlement Class Member (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Settlement Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

NOTICE REGARDING ELECTRONIC FILES: Certain Claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files. ***All Claimants MUST submit a manually signed paper Proof of Claim and Release listing all their transactions whether or not they also submit electronic copies.*** If you wish to file your claim electronically, you must contact the Claims Administrator at info@envisionmergersettlement.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgement of receipt and acceptance of electronically submitted data.

## III.    CLAIM FORM

Use Part II of this form entitled "Holdings in Envision Common Stock" to state the number of shares of Envision common stock that you held at the close of business on August 10, 2018. You must

provide copies of broker confirmations or other documentation of your holdings in Envision common stock as attachments to your claim. If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE
*In re Envision Healthcare Corp.*,
Civil No. 18-1068-RGA-SRF

PROOF OF CLAIM AND RELEASE

**Must Be Postmarked or Received No Later Than:**

_____ ___, _____

<u>Please Type or Print</u>

PART I:          **CLAIMANT IDENTIFICATION**

| Name: |
|---|

| |
|---|

| Address: |
|---|

| |
|---|

| City: | State: | Zip or Postal Code: |
|---|---|---|

| Foreign Provence: | Foreign Country: |
|---|---|

| Day Phone: | Evening Phone: |
|---|---|

| Email: |
|---|

| Claimant Type (Individual, Joint, Corporation, etc): _____ |
|---|

| Record Owner's Name: (If different from beneficial owner listed above) |
|---|

| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|

PART II:          **HOLDINGS IN ENVISION COMMON STOCK**

3

A.    Number of shares of Envision common stock you held at the close of business on August 10, 2018:

Proof enclosed?    _____ yes    _____ no

**YOUR SIGNATURE ON PAGE __ WILL CONSTITUTE YOUR ACKNOWLEDGMENT OF THE RELEASE DESCRIBED IN PART IV BELOW.**

**SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the District of Delaware with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim in connection with the purchase or acquisition of Envision common stock (or holding Envision common stock) during the period from and including August 10, 2018, the record date for Envision's special stockholder meeting regarding the Merger, through and including October 11, 2018, the date the Merger closed, and know of no other person having done so on my (our) behalf.

**IV.    RELEASE**

1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever release, covenant not to sue, relinquish, and discharge each and all of the Defendants' Released Persons from the Released Claims as provided in the Stipulation of Settlement.

2.    "Defendants' Released Persons" means, defendant Envision Healthcare Corporation, the Individual Defendants (consisting of William A. Sanger, Christopher A. Holden, James D. Shelton, Michael L. Smith, Leonard M. Riggs, Carol J. Burt, Cynthia S. Miller, Kevin P. Lavender, Joey A. Jacobs, Steven I. Geringer, John T. Gawaluck, and James A. Deal) (all defendants referenced above are collectively referred to herein as "Defendants"), Enterprise Parent Holdings Inc., Enterprise Merger Sub Inc., and Kohlberg Kravis Roberts & Co. L.P., and any and all of their related parties, including, without limitation, any and all of their current or former parents, subsidiaries, predecessors, successors, divisions, investment funds, joint ventures and general or limited partnerships, and each their respective current or former officers, directors, trustees, partners, members, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, investment bankers, underwriters, insurers in their capacities as such, as well as each of the Individual Defendants' immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns.

3.    "Released Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities, whether known or unknown, contingent or non-contingent, derivative or direct, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, that have been asserted, could have been asserted, or could be asserted in the future by a member of the Settlement Class in his, her or its capacity as a purchaser, seller or holder of Envision stock against Defendants or Defendants' Released Persons that arise out of or relate in any way to: (i) the Action, including the claims in the Action and any acts, facts, events, disclosures, or omissions alleged or referenced therein; (ii) any duties, fiduciary or otherwise, of

Defendants' Released Persons arising from or related to the Acquisition; (iii) the common stock of Envision arising from or related to the Acquisition; or (iv) any other claims concerning the Acquisition. Notwithstanding the aforementioned, the following claims are explicitly excluded: all claims (1) currently asserted in the litigation captioned *In re Envision Healthcare Corporation Securities Litigation*, No. 3:17-cv-01112 (M.D. Tenn.); (2) related to the enforcement of this Settlement; and (3) between Defendants' Released Persons and their respective insurers.

4.     "Plaintiff's Released Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities, whether known or unknown, contingent or non-contingent, or suspected or unsuspected, including all claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants, except for claims relating to the enforcement of this Settlement.

5.     "Unknown Claims" means (i) any of the Plaintiff's Released Claims which Lead Plaintiff or any Settlement Class Member, or any of their agents or attorneys, does not know or suspect to exist in such Person's favor at the time of the release of the Plaintiff's Released Claims, and (ii) any of the Released Claims that the Defendants' Released Persons do not know or suspect to exist in his, her or its favor at the time of the release of the Released Claims, which, in the case of both (i) and (ii), if known by such Person, might have affected such Person's decision with respect to this Settlement, including, without limitation, such Person's decision not to object to this Settlement or not to exclude himself, herself or itself from the Settlement Class. Unknown Claims include those Plaintiff's Released Claims and Released Claims in which some or all of the facts comprising the claim may be suspected, or even undisclosed or hidden. With respect to any and all Plaintiff's Released Claims and Released Claims, upon the Effective Date, Lead Plaintiff and Defendants shall expressly, and each of the Settlement Class Members and Defendants' Released Persons shall be deemed to have, and by operation of the Order and Final Judgment shall have, expressly waived to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

Lead Plaintiff and Defendants shall expressly, and each of the Settlement Class Members and Defendants' Released Persons shall be deemed to have, and by operation of the Order and Final Judgment, shall have expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542. Lead Plaintiff, Settlement Class Members, and the Defendants' Released Persons may hereafter discover facts in addition to or different from those which such party now knows or believes to be true with respect to the subject matter of Plaintiff's Released Claims and the Released Claims, but Lead Plaintiff and Defendants shall expressly, and each Settlement Class Member and Defendants' Released Persons, upon the Effective Date, shall be deemed to have, and by operation of the Order and Final Judgment shall have fully, finally, and forever settled and released any and all Plaintiff's Released Claims or Released Claims, as the case may be, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, whether or not previously or currently asserted in any action. Lead Plaintiff and Defendants acknowledge, and the

Settlement Class Members and Defendants' Released Persons, shall be deemed by operation of the Order and Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

6.          This release shall be of no force or effect unless and until the Court approves the Stipulation of Settlement and the Settlement becomes effective on the Effective Date.

7.          I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any claim or matter released pursuant to this release or any other part or portion thereof.

8.          I (We) hereby warrant and represent that I (we) have included information (including supporting documentation) about the number of shares of Envision stock held by me (us) at the close of business on August 10, 2018.

9.          I (We) hereby warrant and represent that I am (we are) not a Defendant or other person excluded from the Class.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this_____day of _____ (Month/Year)

in_____
       (City)                                   (State/Country)

_____
      (Sign your name here)

_____
      (Type or print your name here)

_____
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser or Acquirer, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.

2. Remember to attach copies of supporting documentation, if available.

3. Do not send originals of stock certificates or other documentation as they will not be returned.

4. Keep a copy of your Proof of Claim and Release and all supporting documentation for your records.

5. If you desire an acknowledgment of receipt of your Proof of Claim and Release, please send it Certified Mail, Return Receipt Requested.

6. If you move, please send your new address to the address below.

7. Do not use red pen or highlighter on the Proof of Claim and Release or supporting documentation.

THIS PROOF OF CLAIM AND RELEASE MUST BE SUBMITTED ONLINE BY _____ ___, _____, OR, IF MAILED, POSTMARKED NO LATER THAN _____ ___, _____, ADDRESSED AS FOLLOWS:

*Envision Healthcare Corp. Merger Litigation*
*c/o EPIQ*
*PO Box 4717*
*Portland, OR 97208-4717*

# EXHIBIT A-3

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| IN RE ENVISION HEALTHCARE CORP.<br><br>This Document Relates to: ALL ACTIONS | Case No. 1:18-cv-01068-RGA-SRF<br><br>CLASS ACTION<br><br>CONSOLIDATED STOCKHOLDER LITIGATION |

<u>**SUMMARY NOTICE**</u>

EXHIBIT A-3

TO: **ALL RECORD HOLDERS AND ALL BENEFICIAL HOLDERS OF ENVISION HEALTHCARE CORPORATION ("ENVISION") COMMON STOCK WHO PURCHASED, SOLD OR HELD SUCH STOCK DURING THE PERIOD FROM AND INCLUDING AUGUST 10, 2018, THE RECORD DATE FOR VOTING ON ENTERPRISE PARENT HOLDINGS INC.'S ACQUISITION OF ENVISION FOR $46.00 PER SHARE IN CASH (THE "ACQUISITION"), THROUGH AND INCLUDING OCTOBER 11, 2018, THE DATE THE ACQUISITION CLOSED, INCLUDING ANY AND ALL OF THEIR RESPECTIVE PREDECESSORS, SUCCESSORS, TRUSTEES, EXECUTORS, ADMINISTRATORS, ESTATES, LEGAL REPRESENTATIVES, HEIRS, ASSIGNS AND TRANSFEREES.**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the District of Delaware, that a hearing will be held on _____, 2021, at ___:___ __.m., before the Honorable Richard G. Andrews.  Settlement Class Members should check the Settlement Class website in advance of the Final Approval Hearing to determine whether that hearing will occur in person at the United States District Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 N King Street, Wilmington, DE 19801 or via a remote link. The hearing will be held for the purpose of determining: (1) whether the proposed Settlement of the Litigation for $17.4 million should be approved by the Court as fair, reasonable, and adequate; (2) whether a Final Judgment and Order of Dismissal with Prejudice should be entered by the Court dismissing the Litigation with prejudice and releasing the Released Claims against Defendants and Defendants' Released Persons; (3) whether final certification of the Settlement Class, Lead Plaintiff, and Lead Counsel should be granted; (4) whether the Plan of Allocation for the Net Settlement Fund is fair, reasonable, and adequate and should be approved; and (5) whether the application of Lead Counsel for the payment of attorneys' fees and expenses, and any award to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4) should be approved.

IF YOU PURCHASED, SOLD OR HELD ENVISION COMMON STOCK DURING THE PERIOD FROM AND INCLUDING AUGUST 10, 2018 THROUGH AND INCLUDING

OCTOBER 11, 2018 (THE "SETTLEMENT CLASS PERIOD"), YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION, INCLUDING THE RELEASE AND EXTINGUISHMENT OF CLAIMS YOU MAY POSSESS RELATING TO YOUR PURCHASE OR ACQUISITION OF ENVISION COMMON STOCK DURING THE SETTLEMENT CLASS PERIOD.  If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release form, you may obtain copies by writing to Envision Securities Litigation, Claims Administrator, 1-888-905-0951, or on the Internet at www.envisionmergersettlement.com.  If you are a Settlement Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release by mail (*postmarked no later than _____, 2021*), or online at www.envisionmergersettlement.com *no later than _____, 2021*, establishing that you are entitled to recovery.

If you purchased or acquired Envision common stock during the Settlement Class Period and you desire to be excluded from the Settlement Class, you must submit a request for exclusion so that it is *received no later than _____*, in the manner and form explained in the detailed Notice referred to above. All Members of the Settlement Class who do not timely and validly request exclusion from the Settlement Class will be bound by any judgment entered in the Litigation pursuant to the Stipulation of Settlement.

Any objection to the Settlement, the Plan of Allocation, Lead Counsel's request for the payment of attorneys' fees and expenses, and any award to Lead Plaintiff must be received by each of the following recipients via hard copy and email *no later than* _____:

CLERK OF THE COURT

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE
J. Caleb Boggs Federal Building
844 N King Street
Wilmington, DE 19801

*Lead Counsel*:

Monteverde & Associates PC
Juan E. Monteverde
The Empire State Building
350 Fifth Avenue, Suite 4405
New York, New York 10118
jmonteverde@monteverdelaw.com

*Counsel for Defendants*:

Simpson Thacher & Bartlett LLP
Peter E. Kazanoff
425 Lexington Avenue
New York, New York 10017
pkazanoff@stblaw.com

Wachtell, Lipton, Rosen & Katz
Rachelle Silverberg
51 W. 52nd Street
New York, New York 10019
RSilverberg@WLRK.com

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING**

**THIS NOTICE**.  If you have any questions about the Settlement, you may contact Lead Counsel

at the address listed above.


Dated: _____          BY ORDER OF THE COURT
                                                UNITED STATES DISTRICT COURT
                                                DISTRICT OF DELAWARE